## Brooke's Estate.

*Lunacy—Costs—Appeal.*

The appellate court will not reverse an order in lunacy proceedings imposing the costs on the lunatic's estate, where there was no testimony taken and no method of showing that the amount was excessive.

*Lunacy—Notice to lunatic—Notice to next of kin or friends.*

The Act of June 13, 1836, P. L. 589, relating to lunacy proceedings is mandatory so far as to require notice either to the alleged lunatic, or to some other persons named, but it is clearly discretionary with the court whether more is necessary than a notice to the alleged lunatic.   It is wise, however, for the court in all cases where practicable to require notice to some of the next of kin or friends of the alleged lunatic who are not concerned in the application.

*Lunacy—Jurisdiction—County—State hospital.*

Where an alleged lunatic is confined in a state hospital for the insane, proceedings may be brought in the county in which the hospital is situated, or in the county of the residence of the lunatic.

Argued Dec. 15, 1903.   Appeal, No. 46, Oct. T., 1903, by Victorine H. Brooke et al., from order of C. P. No. 1, Phila. Co., Dec. T., 1901, No. 3968, discharging rule to vacate decree for costs in estate of James Henry Brooke, a lunatic. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Rule to vacate decree for costs.

The opinion of the Superior Court states the case.

*Error assigned* is quoted in the opinion of the Superior Court.

*C. Oscar Beasley,* for appellants.

*D. P. Hibberd* and *George Henderson,* for appellee.

OPINION BY MORRISON, J., March 14, 1904:

The case attempted to be presented here is printed in a paper-book containing also the record of a case in equity between Samuel P. Tull, committee of the estate of James Henry Brooke, lunatic, and Howard West Brooke and Victorine H. Brooke at No. 930 of December term, 1902, in common pleas No. 1 of Philadelphia county. The appellant has presented what purports to be the record of both cases in one paper-book in a confused manner so that it is very difficult to ascertain the status of the two cases.

The only assignments of error we find are as follows:

1. The learned court below. erred in discharging rule to vacate decree in bill in equity and allow defendants to answer nunc pro tunc.

2. The learned court below erred in discharging the rule to vacate decree for costs in the petition for appointing a committee in lunacy in the estate of James Henry Brooke and to quash said proceedings.

On another page of the paper-book we find: " The court discharged the rules to vacate the decree made in the lunacy proceedings and in the bill of equity filed by the committee of the lunatic against the defendants, Howard West Brooke and Victorine H. Brooke." This is headed, " Judgment of the court." The learned counsel then states the questions involved, viz : " The question involved is whether the Act of 1836, providing for commissions in lunacy, requires that a notice be sent to the next of kin or whether service upon a lunatic only is sufficient. Also whether the act of 1897, re-quiring a petition in lunacy to be made in the county where a charitable institution is located and of which the lunatic is an inmate, applies to the case at bar, and whether the act of 1901 relating to proceedings in lunacy applies to cases other than partition proceedings and committees ad litem."

The only question that can properly be considered in this ap-peal, in the lunacy proceeding, is the alleged error of the court in making the decree for costs, and this appeal might be quashed for the reason that the order or judgment of the court is not printed in connection with the assignment of error. But the desire to prevent any injustice being done in a lunacy case has lead us to inspect the record with some care and we

cannot find anything which would justify the reversal of the order or decree of the court of December 8, 1902, directing the payment of the expenses incurred in the execution of the inquisition in the lunacy proceedings amounting to $406.20. A rule to open this order or decree was granted on December 31, 1902, and it was discharged on February 24, 1903. Upon this rule no testimony was taken and while the bill of costs seems large, yet we have no means of ascertaining that the court erred in allowing it to be paid out of the estate of the lunatic. The presumption is that the action of the court was right, and in the absence of testimony and in fact of any method of showing that the amount is excessive we cannot say here that the learned court committed error. There appears to have been answers filed which convinced the court below, in the absence of testimony, of the correctness of the bills of costs and expenses. It was alleged that the estate was valued at about $10,000 and on the petition and answers, with the knowledge the court had of the proceedings, the bills of cost and expenses may have appeared just and reasonable.

The appellant seeks to raise the question that under the Act of June 13, 1836, P. L. 589, notice of the petition in lunacy should have been given to some of the near relations or friends of the alleged lunatic. This Act provides : It shall be the duty of the court, at the time of granting any application as aforesaid, to make such order respecting notice of the execution of the commission to the party, with respect to whom such commission shall be issued, or to some of his near relations or friends, who are not concerned in the application, as the said court shall deem advisable." This act is mandatory so far as to require notice either to the alleged lunatic or to some other of the persons named, but it is clearly discretionary with the court as to whether more is necessary than a notice to the alleged lunatic. We think in practice, however, it is wise for the court in all cases where practicable to require notice to some of the next of kin or friends of the alleged lunatic who are not concerned in the application. But we cannot say that this proceeding is void or illegal because notice was only given to the alleged lunatic. We do not consider the question of the jurisdiction of the court properly raised, but have referred to the matter for the purpose of calling attention

to the fact that the court did direct notice in accordance with the act of assembly, and, therefore, the proceedings are not void.  The learned counsel also contends that the lunacy proceedings should have been brought in the county of Montgomery at the instance of the officer in charge of the State Hospital for the Insane because James Henry Brooke at that time was an inmate of that institution.  For this proposition he cites the Act of July 15, 1897, P. L. 301.  In our opinion this act in no way interferes with the jurisdiction of the court of common pleas of the county wherein the lunatic resides.  If the alleged lunatic was confined in a state hospital for the insane, proceedings could have been brought in that county, but this would not prevent bringing the proceeding in the county of his residence.

It does not seem to us necessary to say more upon the questions attempted to be raised in this record.  There is nothing before this court which will justify us in convicting the court below of an abuse of discretion in allowing these charges, and therefore, the assignment of error is dismissed and the decree of the court below is affirmed, at the cost of appellants.